[Cite as *State v. Hill*, 2016-Ohio-3087.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 26345 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 13-CR-1227/1 |
| v. | : | |
| | : | (Criminal Appeal from |
| CHRISTOPHER HILL | : |  Common Pleas Court) |
| | : | |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 20th day of May, 2016.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by ANN M. GRABER, Atty. Reg. No. 0091731, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45402
    Attorney for Plaintiff-Appellee

MELISSA REPOGLE, Atty. Reg. No. 26345, Repogle Law Office, LLC, 2312 Far Hills Avenue, #145, Dayton, Ohio 45419
    Attorney for Defendant-Appellant

. . . . . . . . . . . .

FAIN, J.

{¶ 1} Defendant-appellant, Christopher Hill, appeals from his conviction and

sentence, following a plea of no contest, for Possession of Marijuana, in violation of R.C. 2925.11(A). He contends that the trial court erred by overruling his motion to suppress evidence seized following a canine sniff of Hill's vehicle during a traffic stop.

{¶ 2} We conclude that the police officer who conducted the canine drug sniff before *Rodriguez v. United* States, __ U.S. __, 135 S.Ct. 1609, 1615, 191 L.Ed.2d 492 (2015), was decided, reasonably relied, in good faith, upon binding appellate precedent in this appellate district, so that the canine drug sniff, and the evidence obtained as a result thereof, was not subject to the exclusionary rule. Accordingly, the judgment of the trial court is Affirmed.

## I.    The Traffic Stop

{¶ 3} In late January 2013, Montgomery County Sheriff's Deputy John Campbell was on patrol in a marked cruiser, with his canine unit, when he was advised by the RANGE task force to look for a Dodge Avenger with possible connections to drug activity. Campbell observed a vehicle matching the given description. After following the vehicle for a short distance, Campbell saw the vehicle change lanes without signaling. Campbell initiated a traffic stop. He approached the driver, Hill, and asked for his license and registration. Campbell returned to his cruiser, immediately called for backup, and began to run the information provided through his computer. When the backup officer arrived, Campbell asked Hill to exit the vehicle while he deployed the canine. Campbell and his canine conducted a free-air sniff; the dog alerted to the front passenger door. Campbell placed Hill in his cruiser and conducted a search of Hill's vehicle. Campbell discovered a plastic bag full of suspected marijuana on the passenger side floorboard.

## II.     The Course of Proceedings

{¶ 4} Hill was indicted on one count of Possession of Marijuana, in violation of R.C. 2925.11(A), a felony of the fifth degree.   He moved to suppress the evidence, contending that it was obtained as a result of an unlawful search and seizure.   Following a hearing, his motion was overruled.   Thereafter, Hill pled no contest to the charge and was sentenced to community control sanctions for a period not to exceed five years.   Hill's driver's license was suspended for a period of six months.   Hill appealed.   Appointed counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), indicating that she found no potential assignment of error having arguable merit.   This court rejected the *Anders* brief, finding that the issue of whether the trial court erred in denying the motion to suppress had arguable merit.   New counsel was appointed to brief the issue.

## III.     Officer Campbell's Actions in Performing the Canine Drug Sniff Were Objectively Reasonable in View of the Existing Appellate Jurisprudence in this District at that Time

{¶ 5} Hill's sole assignment of error is as follows:

THE TRIAL COURT ERRED WHEN IT OVERRULED MR. HILL'S MOTION TO SUPPRESS.

{¶ 6} Hill contends that the trial court should have granted his motion to suppress, because the traffic stop was unreasonably extended for the sole purpose of a canine sniff. He also contends that the extension of the stop was not supported by a reasonable and

articulable suspicion of criminal activity separate from the traffic stop. Hill cites *Rodriguez v. United States*, __ U.S. __, 135 S.Ct. 1609, 1615, 191 L.Ed.2d 492, for the proposition that because "a dog sniff is not fairly characterized as part of the officer's traffic mission[,]" its use extends a traffic stop beyond the reasonable purpose of the stop.

{¶ 7} "Appellate review of a motion to suppress presents a mixed question of law and fact. When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses." *State v. Koon*, 2d Dist. Montgomery No. 26296, 2015-Ohio-1326, ¶ 13 quoting *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8. "Consequently, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard." *Id.* The application of the law to the trial court's findings of fact is subject to a de novo standard of review. *State v. Gordon*, 5th Dist. Fairfield No. 14–CA–13, 2014-Ohio-5027, ¶ 14, citing *Ornelas v. United States*, 517 U.S. 690, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996).

{¶ 8} At the suppression hearing, Campbell testified that he stopped Hill and asked for his license, proof of insurance, and registration. He testified that he then returned to his cruiser and immediately requested backup, because it is department policy to have back-up when conducting a canine sniff. Campbell testified that the information regarding the suspect car caused him to decide that he would have his canine conduct a free-air sniff of the car. He testified that he began to run Hill's information through the computer, and that backup arrived in less than one minute, as the computer information was being

returned. Campbell testified that upon the arrival of the second cruiser, he returned to Hill's vehicle and asked Hill to exit the vehicle. Hill then stood with the second officer as Campbell conducted the canine sniff. Campbell testified that the dog alerted on the first pass. According to Campbell, the dog alerted to the vehicle no more than five to ten minutes after he initially stopped Hill. He testified that, at the time he conducted the canine sniff, all that was left was to write out the citation. Campbell further testified that it generally takes him 15 to 20 minutes to conduct a routine traffic stop.

{¶ 9} A traffic stop may be premised upon any violation of the traffic law. However, "[a]n investigative stop must be temporary and must last no longer than is necessary to effectuate the purpose of the stop." *Florida v. Royer*, 460 U.S. 491, 500, 103 S.Ct. 1319, 75 L.Ed.2d 229 (1983). When an officer detains a motorist for a traffic violation, the stop should delay the motorist only for the amount of time necessary to issue a citation or warning. *State v. Batchili*, 113 Ohio St.3d 403, 2007-Ohio-2204, 865 N.E.2d 1282, ¶ 12. The reasonable stop time includes the amount of time it takes to conduct a computer check on the driver's license, registration, and vehicle plates. *Id.* "In determining if an officer completed these tasks within a reasonable length of time, the court must evaluate the duration of the stop in light of the totality of the circumstances and consider whether the officer diligently conducted the investigation." *Id.*

{¶ 10} Hill does not dispute the validity of the initial traffic stop. Instead, he focuses on what he deems, in light of *Rodriguez*, to have been an unreasonable extension of the stop for the purposes of the canine sniff.

{¶ 11} *Rodriguez* involved a traffic stop that had already been completed when the canine stop was conducted. 135 S.Ct. at 1614, 191 L.Ed.2d 492. The stop in

*Rodriguez* had lasted approximately 22 minutes by the time the officer gave, and explained, the warning to the defendant. *Id.* at 1612-1614. The stop lasted another five minutes until backup arrived on the scene. *Id.* The dog then alerted on the car two to three minutes later, approximately 30 minutes after the stop was initiated. *Id.* The Court held that the "critical question as to whether a dog sniff during a traffic stop violates the Fourth Amendment, is not whether the dog sniff occurs before or after the officer issues the warning or ticket, but rather whether conducting the sniff adds time to the stop." *U.S. v. Williams-Davis*, W.D. Missouri No. 2:14-cr-04072-SRB-1, 2015 WL 6942499 (Nov. 10, 2015). The *Rodriguez* court did not, as Hill suggests, hold that canine sniffs during traffic stops are automatically unconstitutional.

**{¶ 12}** We have previously held that as long as a drug dog sniff occurs within the time reasonably required for the issuance of a traffic citation, the officer need not have a reasonable suspicion that a vehicle contains contraband. *State v. Desman*, 2d Dist. Montgomery No. 19730, 2003-Ohio-7248, ¶ 29. *See also State v. Greene*, 2d Dist. Montgomery No. 25577, 2013-Ohio-4516, ¶ 34. The drug sniff in the case before us fits comfortably within that jurisprudence.

**{¶ 13}** *Rodriguez v. United States*, *supra*, arguably prohibits seizures resulting from inquiries unrelated to the purpose for a traffic stop that "measurably extend[s] the duration of the stop." *Id.* at 1615. Hill argues that because Officer Campbell stopped processing the traffic citation while he conducted the canine drug sniff, the duration of the stop was extended by the amount of time it took him to perform the canine drug sniff.

**{¶ 14}** When Officer Campbell performed the canine drug sniff, *Rodriguez* had not yet been decided. We agree with the State that Campbell's actions in performing the

drug sniff were objectively reasonable in view of the existing appellate jurisprudence in this district at that time. Searches conducted in objectively reasonable, good-faith reliance on binding appellate precedent are not subject to the exclusionary rule, even though hindsight subsequently reveals that reliance to have been misplaced. *State v. Johnson*, 141 Ohio St.3d 136, 2014-Ohio-5021, 22 N.E.3d 1061, ¶ 49.

{¶ 15} We conclude, therefore, that the trial court did not err in overruling Hill's motion to suppress. Hill's sole assignment of error is overruled.

## IV. Conclusion

{¶ 16} Hill's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.

. . . . . . . . . . . .

FROELICH and WELBAUM, JJ., concur.
.

Copies mailed to:

Mathias H. Heck, Jr.
Ann M. Graber
Melissa Replogle
Hon. Barbara P. Gorman